# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Abegael Bell,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Child Protective Services,<br><br>　　　　　　　　　　Defendant. | Case No.: 18-cv-2880-AJB-MSB<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S MOTION TO FILE IN FORMA PAUPERIS AS MOOT, (Doc. No. 2);**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR AN ATTORNEY AS MOOT, (Doc. No. 3); and**<br><br>**(3) DISMISSING THE COMPLAINT WITH LEAVE TO AMEND.** |

The Court reviews pro se plaintiff Abegael Bell's complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 1, 2.) Under this mandatory screening, the Court finds that Bell's complaint does not sufficiently state a claim for relief. Thus, the Court **DENIES as moot** Bell's IFP motion, (Doc. No. 2), and **DISMISSES** her complaint with leave to amend.

## I.　　MOTION TO PROCEED IN FORMA PAUPERIS

Bell moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for

1

writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

Here, Bell states in her application that over the twelve-month period preceding her complaint she, on average, earned $0 per month in employment wages and received $827 per month in Disability. (Doc. No. 2 at 1–2.) During that same twelve-month period, Bell's monthly expenses were $409 for rent, $100 for food, $60 for clothing, $20 for laundry and dry-cleaning, and $20 for transportation, leaving $218 in unspent earnings each month. (*Id*. at 4.) Additionally, Bell's application indicates she has never been employed. (*See id*. at 2.) Based on the foregoing, the Court finds that plaintiff's application demonstrates she is unable to pay the requisite fees and costs. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (stating that one need not be "absolutely destitute to enjoy the benefit of the [IFP] statute"). However, for the reasons set forth below, the Court **DENIES** Plaintiff's IFP motion as moot.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez,* 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim").

"The standard for determining whether a plaintiff has failed to state a claim upon

which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted).

Additionally, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*; *Lopez*, 203 F.3d at 1126–30 (9th Cir. 2000). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)); *see, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (reasoning that pro se pleadings are liberally construed).

### III. DISCUSSION

Bell brings this action against defendant Child Protective Services, ("CPS"), a state administrative agency. (Doc. No. 1 at 1–2.) Bell alleges that from December 18, 2018, through December 20, 2018, CPS violated her civil rights. (Doc. No. 2 at 2.) Specifically, Bell alleges that the CPS agent assigned to Bell deemed Bell an "unfit mother," and thus took Bell's child from her custody. (*Id.*) Bell suggests two reasons for CPS taking

temporary custody of Bell's child: (1) Bell did not properly care for her child immediately after Bell's Caesarian Section, and (2) Bell unknowingly smothered the baby while under the influence of Oxycodone. (*Id.*) Liberally construing the complaint, Bell alleges CPS's taking of her infant daughter violated her civil rights, caused her emotional distress, and that CPS harassed and interfered with Bell. (*Id.* at 3.)

## A. Legal Standard for Deprivation Of Rights

Under 42 U.S.C. § 1983, "[e]very person who, . . . causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . ." To prevail on a § 1983 claim, the plaintiff must show "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri*, 901 F.2d at 699. A person's choices in familial decisions are a "fundamental liberty interest protected by the Fourteenth Amendment." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (citations omitted).

## B. Plaintiff Fails to State a Claim under 42 U.S.C. § 1983

The first cause of action in Bell's complaint is for an alleged violation of her civil rights by CPS. (Doc. No. 1 at 2.) Bell does not allege any particular CPS worker violated her civil rights, but only makes allegations against the CPS agency itself. CPS is considered "merely [an] administrative unit[] of the state and ha[s] no capacity to be sued." *Smith v. Barrow Neurological Institute*, No. CV 10—01632—PHX—FJM, 2013 WL 526391, at *3 (D. Az. Feb. 12, 2013). "Municipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipal entity or its departments, is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).

While a municipal government, its officials, and organizations are generally immune

from suit when acting in their official capacity, immunity can be overcome if a plaintiff can show the constitutional violation was caused by a custom or practice of the municipality. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978)). However, here, Bell's complaint fails to allege any custom or practice by CPS that deprived Bell of her constitutional rights. (*See* Doc. No. 1 at 2.) Moreover, Bell has only alleged a single incident. "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989); *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion).

Thus, the Court finds that Bell has not stated a claim under § 1983 because CPS is not an appropriate defendant acting under the color of state law and Bell has failed to plead a custom or policy of wrongdoing. Accordingly, the Court **DISMISSES** her 42 U.S.C. § 1983 claim.

### C. Other Allegations Against CPS

In addition to the § 1983 claim, Bell also alleges emotional distress, harassment, and interference. These other claims amount to state law tort claims, but because the federal claim against CPS has been dismissed, the Court chooses not to exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

## IV. LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's deficiency. Fed. R. Civ. P. 15(a); *Balistreri*, 901 F.2d at 701. The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel." *Noll*, 809 F.2d at 1448; *see Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in

dismissing a pro se complaint for failure to state a claim . . . without giving the plaintiff an opportunity to amend."). Therefore, the Court **GRANTS** Bell leave to amend her complaint. Bell, however, must cure the deficiencies of naming CPS as a defendant as instructed by the Court herein. Failure to add proper defendants, or state a short and plain statement of the facts and a claim for relief under Fed. R. Civ. P. 8(a) may result in dismissal of her case with prejudice.

## V. CONCLUSION

For the reasons stated herein, the Court **DENIES as moot** Bell's IFP motion, (Doc. No. 2), and **DISMISSES** Bell's complaint with leave to amend, (Doc. No. 1). Bell must file both (1) <u>a renewed IFP motion</u>, and (2) <u>an amended complaint</u> by **<u>February 22, 2019</u>**, or risk having her case dismissed with prejudice for failure to prosecute. Because the Court is dismissing her complaint, the Court also **DENIES** as moot her request for an attorney. (Doc. No. 3.)

**IT IS SO ORDERED.**

Dated: January 28, 2019

_____
Hon. Anthony J. Battaglia
United States District Judge